## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON THOMAS WALKER,

      Petitioner,                  Case No. 25-cv-12052

V.                                Hon. Brandy R. McMillion
                                United States District Judge

WARDEN CAMPBELL,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS* AND DENYING PETITIONER'S MOTION TO STAY THE PROCEEDINGS

Jason Thomas Walker ("Petitioner"), a state prisoner incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See generally* ECF No. 1. Included in the petition is also a motion to stay the proceedings. *Id*. at PageID.3. For the reasons below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE** and the motion to stay the proceedings is **DENIED**.

## I.

Petitioner pleaded guilty in the Iron County Circuit Court as part of a plea bargain. ECF No. 1, PageID.2. Petitioner does not specify what he was convicted of, but the Michigan Department of Corrections' Offender Tracking Information

System (OTIS) indicates Petitioner was convicted of attempted extortion and being a fourth felony habitual offender; and he was sentenced to six years, four months to thirty years in prison.[1]   Petitioner's conviction was affirmed on appeal.  *People v. Walker*, No. 372682 (Mich. Ct. App. Nov. 21, 2024); *lv. den.* 19 N.W.3d 338 (Mich. 2025).

Petitioner has now essentially filed a boilerplate petition for writ of habeas corpus which fails to allege any facts which show that he is being detained in violation of the federal constitution and fails to assert any legal argument about how his detention is unconstitutional.  *See generally* ECF No. 1.  Petitioner also seeks a stay of the proceedings so he can return to the state courts to file a post-conviction motion, but he has failed to specify the issues that he wishes to raise either here or in the state courts.  And he fails to explain why such issues were not raised on his direct appeal.  Petitioner also failed to pay the $ 5.00 filing fee or file an application to proceed *in forma pauperis.*

## II.

As an initial matter, Petitioner's habeas petition is deficient because he failed to pay the $5.00 filing fee or an application to proceed *in forma pauperis.  See*

---

[1] *See Biographical Information,* Mich. Dep't of Corrections, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=624498 (last accessed July 21, 2025).  The Court is permitted to take judicial notice of public records, including records of convictions.  *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

*Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). This is grounds alone to dismiss the petition; nonetheless, the Court will address additional reasons for summary dismissal.

First, a petition for a writ of habeas corpus must allege facts that establish a cause of action under federal law, or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996) (internal citations omitted). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Crump v. Lafler,* 657 F.3d 393, 396, n.2 (6th Cir. 2011); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the state. *Allen v. Perini,* 424 F.2d 134, 140-141 (6th Cir. 1970).

Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief. *Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D.

Mich. 2002).  A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider.  *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996).  Dismissal of a habeas petition under Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 "is appropriate when a petition and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication."  *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018).

Here, the case must be dismissed because Petitioner has filed a petition which fails to allege any facts that show he is being detained in violation of the federal constitution or make any legal arguments as to why his detention is illegal.  And to the extent that Petitioner was seeking to file the petition as a "protective" petition to ensure compliance with the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations, the case is still subject to dismissal, at this time.

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  The federal court may then stay a federal habeas petition and hold further proceedings in abeyance

pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Here, Petitioner again fails to delineate the issues that he wishes to raise on habeas review or in the state courts. Thus, this Court is unable to determine whether Petitioner's claims have any potential merit or whether they are "plainly meritless." Moreover, Petitioner does not state why such claims have not been exhausted with the state courts – therefore, he has failed, at this time, to establish good cause for failing to exhaust these claims, so as to entitle him to a stay of the proceedings. A bare-bones motion for a stay of proceedings does not satisfy the requirements under *Rhines* for the issuance of a stay. *See Cunningham v. Conway*, 717 F. Supp. 2d 339, 349 (W.D.N.Y. 2010).

Additionally, a stay of Petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claim, rather than dismissing it without prejudice. The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 28, 2025. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her

5

conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one-year limitation period for seeking habeas review starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period to seek certiorari with the U.S. Supreme Court expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his judgment will become final, for the purpose of commencing the running of the one-year limitations period, on July 27, 2025. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on June 28, 2025, before the one-year statute of limitations even commenced.[2] And 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by Petitioner. Therefore, Petitioner has an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of Petitioner's state post-conviction proceedings. Consequently, because Petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the

---

[2] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on June 28, 2025, the date that it was signed and dated. *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir. 1999).

pendency of his motion for post-conviction relief, the Court finds it appropriate to issue a summary dismissal. A stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

Accordingly, the Court will dismiss the instant petition without prejudice and deny the motion to stay the proceedings.

### III.

Having found the petition should be summarily dismissed, the Court declines to issue a certificate of appealability. Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should generally issue, and an appeal of the district court's order may be taken. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (citation omitted). "The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because his petition is barebones, and the Court is unable to determine what alleged errors of fact or law are at issue for adjudication. *See e.g. Arega v. Warden, Chillicothe Corr. Inst.,* 347 F. Supp. 3d at 360. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV.

Accordingly, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **SUMMARILY DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Stay the Proceedings is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a certificate of appealability or leave to appeal *in forma pauperis.*

**IT IS SO ORDERED**.

Dated: July 22, 2025                     s/Brandy R. McMillion
                                                  HON. BRANDY R. MCMILLION
                                                  United States District Judge